María Matos Santiago, Petitioner, *v.* Planning, Urbanizing, and Zoning Board of Puerto Rico, Respondent.

No. 2. Argued June 24, 1946.—Decided July 19, 1946.

418

*José Sabater* for petitioner.  *Ciro Malatrasi, Jr., Rafael R. Fuertes,* and *Carlos J. Ortiz* for respondent.

Mr. Chief Justice Travieso delivered the opinion of the court.

On August 31, 1945, María Matos Santiago filed in the Puerto Rico Planning, Urbanizing, and Zoning Board a declaration of intent to subdivide a lot, which has the following description:

"Lot with a frontage of six meters and a depth of sixteen meters, that is, an area of ninety-six square meters situated in the Mineral Development, Ward of Salud, Mayagüez, bounded on the north by a property owned by Doña Georgina Saavedra, on the south and east by lots owned by Don Luis Vilella Vélez, and on the west by an unnamed street. A dwelling house owned by the petitioner and which has been built for fifteen years stands in the lot.

"This lot is sought to be segregated from a property which is to be subdivided into lots and which was originally composed of seven acres (*cuerdas*) and recorded in favor of Don Luis Vilella Vélez, on p. 136, vol. 136 of Mayagüez, property No. 4593, 6th entry."

It was set forth in the application that the lot had water, lighting, and sewerage facilities.

On October 15, 1945, the respondent board, without hearing the petitioner and without giving her an opportunity to introduce evidence in support of her application, issued an order disapproving the subdivision requested on the ground that "the lot which would be formed through the proposed subdivision would have a frontage of only six (6) meters and an area of ninety-six (96) square meters, and that therefore, it does not meet the requirements prescribed by §§ 34 and 36 of the Regulations which require a minimum frontage of 12 meters and a minimum area of 300 sq/m"; and, further, because "it would lack the sidewalks, curb, and asphalted street, minimum requirements which, among others, this board considers indispensable in an area in which it is to approve subdivisions."

The petitioner moved for a reconsideration of the order of the board, setting forth that the lot was in fact segregated and sold to the petitioner in September 1936, prior to the promulgation of the board regulations; that the house was built 15 years ago; that the lot can not be enlarged because on its north, south, and east boundaries there stand buildings owned by other persons and on the west it is bounded by a public street; that there is not involved herein a new lot or a new house and that the only thing requested is a permit in order that the lot may be recorded in the registry of property in the name of its owner, the petitioner. The motion was denied and the petitioner filed the present application for review in which she has requested the reversal of the order appealed from and that another be issued instead authorizing the recording of the title in the registry of property.

From the deed of segregation and sale executed on August 29, 1945, by Luis Vilella and María Matos Santiago, which forms part of the record, it appears that the lot above described was sold prior to the month of September 1936 by Mr. Vilella to Mrs. Matos, for the sum of $150 which the buyer paid in instalments; and that the house located in the lot belongs to Mrs. Matos, inasmuch as she bought it from Ramón Matos Santiago through a public deed executed on March 12, 1930, the owner being in possession of the house and lot since then.

The only question involved in this case is whether the petitioner was entitled to record in the registry the lot which in fact was segregated and sold to her in the year 1923, without being bound, as a condition precedent to the exercise of such right, to comply with the requirements of the Planning Board regarding the construction of sidewalks, asphltig of the street, and other requirements which would compel her to disburse the amount of ninety and odd dollars.

The question is not new in this jurisdiction. In *Sepúlveda* v. *Registrar*, 64 P.R.R. 428, we decided it adversely to

the contention of the respondent board. The registrar denied the record of a segregation of a lot made by a deed executed on June 12, 1944, on the ground of noncompliance with the provisions of § 24 of the Planning Act and the regulations promulgated on September 5, 1944, by the Attorney General of Puerto Rico. Upon reversing the ruling of the registrar and ordering the recording of the lot, we stated:

"Section 24 of the said Act provides that '*from and after the effective date of applicable subdivision regulations* provided for under Section 10 hereof, no subdivision of land within Puerto Rico shall be made, and no plat of a subdivision of land in urban areas or for urbanization shall be received for recording, no buildings shall be erected, no land sold or leased, and no permit issued, except, and to the extent that the same shall comply with said regulations and shall have been finally approved according thereto by the Board." (Italics ours.)

"And § 20 of the same Act provides that 'all regulations, and amendments thereto, adopted by the Board *shall take effect thirty (30) days after the promulgation thereof* by the Governor of Puerto Rico in one or more newspapers of general circulation.' (Italics ours.)

"It appears from the Subdivision Regulations that the same was promulgated by the Governor of Puerto Rico on June 29, 1944, and published in 'La Democracia' on August 4, of that same year. Therefore, said regulations did not become effective until September 4, 1944. It appearing from the deed that the subdivision was made on June 12, 1944, and that at that time there already existed the thirteen houses on the eight lots, it is evident that the Subdivision Regulations are not applicable to the present case. The regulations promulgated by the Attorney General, which the registrar invokes, are not applicable, either, since pursuant to § 9 of those regulations the same did not become effective until they were 'issued' by the Attorney General on September 5, 1944, at which time the subdivision and buildings mentioned in the deed already existed."

In the case at bar the subdivision was made in September 1923, by virtue of a contract through which Luis Vilella, owner of the larger property segregated the lot in controversy and sold it to María Matos Santiago for the amount of $150, payable in instalments. A house which was built by Ramón

Matos Santiago and acquired by the petitioner by deed of March 12, 1930, stands on the lot. It is therefore evident— and the respondent board so admits—that the segregation of the lot and the delivery of its possession to the petitioner were carried out many years prior to the effectiveness of the Act and the regulations applicable to subdivisions. As neither the Act nor the regulations are applicable to subdivisions made and buildings erected prior to the date on which the same became effective, the appeal should be granted, the order appealed from vacated, and the case remanded to the respondent board in order that it hear the evidence for the petitioner and decide the case on its merits, according to the legal principles set forth in this opinion.